IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. EDWARDS, | ) No. C 14-2769 LHK (PR) |
| Petitioner, | ) ORDER DENYING PETITION FOR |
| v. | ) WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| F. FOULK, | ) |
| Respondent. | ) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent was ordered to show cause why the petition should not be granted.[1]  Respondent has filed an answer.  Although given an opportunity, petitioner has not filed a traverse.  Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief, and DENIES the petition.

**PROCEDURAL HISTORY**

On April 18, 2011, petitioner pleaded guilty to possession of a firearm by a felon.  On May 16, 2011, after a jury trial, petitioner was found guilty of second degree murder and shooting at an inhabited dwelling.  The jury found true several enhancements.  On June 24, 2011, the trial court sentenced petitioner to a term of 49 years and 8 months to life in state prison.

---

[1] This case was reassigned to the undersigned judge on October 21, 2014, after respondent declined to consent to magistrate judge jurisdiction.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\LHK\HC.14\Edwards769hcden.wpd

1    On April 30, 2013, the California Court of Appeal affirmed, but struck a one-year
2 enhancement for a prior prison term. On July 10, 2013, the California Supreme Court denied
3 review.
4    Petitioner filed the underlying federal habeas petition on July 28, 2014.

## BACKGROUND

6    The following facts are taken from the Court of Appeal's opinion in *People v. Edwards*,
7 No. A132814, 2013 WL 1809723 (Cal. App. April 30, 2013).
8    Darius Fields met with police and told Sergeant James Morris that on March 19, 2006,
9 Fields saw a Hispanic male bump into petitioner near the convenience store. *Id.* at *2. Petitioner
10 felt disrespected. *Id.* Petitioner and other "youngsters" started a fight with the Hispanic male
11 and beat him up. *Id.* A few minutes later, a Hispanic male and a Hispanic female fired two or
12 three shots in the general direction of the store. *Id.* Once police arrived at the scene, everyone
13 had cleared the area. *Id.* Petitioner told Fields that "everyone of them in the building'll get the
14 business." *Id.*
15    Later that same day, Fields saw petitioner walk toward an apartment complex carrying an
16 assault weapon. *Id.* Fields told Sergeant Morris that petitioner pointed the gun toward
17 [apartment 13, where the victim was killed.] *Id.* Fields estimated that petitioner fired his
18 weapon over 20 times, and then petitioner fled the scene. *Id.* Fields thought that petitioner
19 believed the victim was affiliated with the Hispanic individuals from the altercation earlier in the
20 day.
21    Another witness, Jermaine Hackett, told Sergent Morris that he also witnessed the
22 shooting on March 19, 2006. *Id.* Hackett said that he was sitting in his car in front of the
23 apartment complex when he saw petitioner cross the street with an assault rifle. *Id.* Hackett told
24 petitioner "Don't do it" because there were a lot of children outside. *Id.* Petitioner approached
25 apartment 13, knocked on the door, and then stepped back and knelt down. *Id.* When the door
26 began to open, petitioner began to fire. *Id.* Hackett thought that petitioner believed the victim
27 was affiliated with the altercation earlier in the day.
28    Witness Darnell Carter testified that he also saw petitioner approaching the apartment

1  complex on March 19, 2006, around 6:00 p.m., carrying an assault rifle. *Id.* Carter watched
2  petitioner knock on the front door of an apartment, and when someone answered the door,
3  petitioner began shooting around 20-30 shots. *Id.*

4  Karen Chavez lived in apartment 13. Around 6:19 p.m. on March 19, 2006, Chavez
5  approached Officer Robert Rodriquez and told him that her boyfriend, the victim, had been shot.
6  *Id.* at *1. By the time Officer Rodriquez entered apartment 13, the victim had no pulse. *Id.* The
7  victim had died from a gunshot wound to the head and neck. *Id.*

8  Petitioner testified that he retrieved his weapon with the intent to "shoot [the victim's]
9  house up." *Id.* at *3. When he arrived at apartment 13, petitioner knocked on the door. *Id.*
10 Before anyone answered, petitioner decided that he was going to shoot up the house. *Id.*
11 Petitioner states that he walked across the parking lot, made the kids move, and started to shoot.
12 *Id.* Petitioner told officers that he did not know the victim was in the apartment and did not
13 intend to kill him. *Id.*

## STANDARD OF REVIEW

15 This court may entertain a petition for writ of habeas corpus "in behalf of a person in
16 custody pursuant to the judgment of a State court only on the ground that he is in custody in
17 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The
18 petition may not be granted with respect to any claim that was adjudicated on the merits in state
19 court unless the state court's adjudication of the claim: "(1) resulted in a decision that was
20 contrary to, or involved an unreasonable application of, clearly established Federal law, as
21 determined by the Supreme Court of the United States; or (2) resulted in a decision that was
22 based on an unreasonable determination of the facts in light of the evidence presented in the
23 State court proceeding." 28 U.S.C. § 2254(d).

24 "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state
25 court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of
26 law or if the state court decides a case differently than [the] Court has on a set of materially
27 indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the
28 'reasonable application clause,' a federal habeas court may grant the writ if the state court

1 identifies the correct governing legal principle from [the] Court's decisions but unreasonably
2 applies that principle to the facts of the prisoner's case." *Id.* at 413.

3     "[A] federal habeas court may not issue the writ simply because the court concludes in its
4 independent judgment that the relevant state-court decision applied clearly established federal
5 law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411.
6 A federal habeas court making the "unreasonable application" inquiry should ask whether the
7 state court's application of clearly established federal law was "objectively unreasonable." *Id.* at
8 409.

9     The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is
10 in the holdings (as opposed to the dicta) of the United States Supreme Court as of the time of the
11 state court decision. *Id.* at 412. Clearly established federal law is defined as "the governing
12 legal principle or principles set forth by the [United States] Supreme Court." *Lockyer v.*
13 *Andrade*, 538 U.S. 63, 71-72 (2003).

## DISCUSSION

15     Petitioner's sole claim in his federal habeas petition is that the trial court erred in failing
16 to sua sponte instruct the jury on an alternative, lesser included voluntary manslaughter theory.
17 The trial court had instructed the jury that an intentional killing is reduced to voluntary
18 manslaughter if the killing was the result of heat of passion or a sudden quarrel. However,
19 petitioner argues that the trial court should have instructed the jury on the alternative theory that
20 it could find petitioner guilty of voluntary manslaughter if it found that the killing was an
21 unintentional killing without malice during a felonious assault.

22     The California Court of Appeal considered this claim and rejected it. *Edwards*, 2013 WL
23 1809723, at *3-5. The state appellate court recognized that, at the time of petitioner's trial, the
24 California Supreme Court in *People v. Garcia*, 162 Cal. App. 4th 18, 31 (2008), suggested that
25 "an unlawful killing during the commission of an inherently dangerous felony, even if
26 unintentional, is at least voluntary manslaughter." *Edwards*, 2013 WL 1809723, at *4 (quoting
27 *Garcia*, 162 Cal. App. 4th at 31). The state appellate court recognized that the *Garcia* dictum
28 was not a "general principle of law" that would have necessitated a sua sponte instruction

because the state of the law was still undeveloped. *Id.* In addition, the state appellate court concluded that the evidence produced at trial was insufficient to support a finding that petitioner acted without implied malice. *Id.* at *4-5. As a result, the California Court of Appeal denied petitioner's claim and affirmed the judgment.

Subsequently, the California Supreme Court expressly disapproved *Garcia* in *People v. Bryant*, 56 Cal. 4th 959, 968 (2013). "A defendant who has killed without malice in the commission of an inherently dangerous assaultive felony must have killed without either an intent to kill or a conscious disregard for life. Such a killing cannot be voluntary manslaughter because voluntary manslaughter requires either an intent to kill or a conscious disregard for life. To the extent that [*Garcia*] suggested otherwise, it is now disapproved." *Id.* Thus, the alternative voluntary manslaughter theory suggested by *Garcia* and urged by plaintiff is contrary to state law. Because federal courts are bound by a state's resolution of issues of state law, petitioner is not entitled to federal habeas relief. *See Solis v. Garcia*, 219 F.3d 922, 927 (9th Cir. 2000) ("We accept, as we must, the California Supreme Court's identification of the elements of the offense.").

In addition, federal courts may grant habeas relief only if a state court decision is contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). There is no clearly established federal law regarding the failure of a state court to instruct on a lesser-included offense in a non-capital case.[2] *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) ("the failure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding") (quoting *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984)); *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998) ("Under the law of this circuit, the failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question.").

---

[2] While the United States Supreme Court has held the failure to instruct on a lesser-included offense in a capital case is constitutional error if there was evidence to support the instruction, *see Beck v. Alabama*, 447 U.S. 625, 638 (1980), it has not extended this holding to non-capital cases.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\LHK\HC.14\Edwards769hcden.wpd         5

Thus, because the United States Supreme Court has not addressed the question presented in the petition, the state court's rejection of petitioner's claim was not contrary to, or an unreasonable application of, clearly established United States Supreme Court law.

## CONCLUSION

The petition for writ of habeas corpus is DENIED.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

The clerk is instructed to enter judgment in favor of respondent, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DATED:  9/9/2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge